# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  CHARLES SAGER, | ) |
| 2.  DEBORAH LYNN SAGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE No. |
| v. | ) 14-CV-228 -JED-FHM |
| | ) |
| 1. NATIONAL LLOYDS INSURANCE COMPANY, A Foreign For Profit Insurance Corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### A.   Parties

1. Plaintiffs, Charles Sager and Deborah Lynn Sager, are each citizens of the State of Oklahoma.

2. Defendant, National Lloyds Insurance Company of America, is a foreign for-profit insurance corporation incorporated and organized under the laws of the State of Texas.

3. The principal place of business for Defendant, National Lloyds Insurance Company of America, is Waco, Texas.

4. The Defendant, National Lloyds Insurance Company of America, is licensed to conduct business in the state of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, Plaintiffs, Charles Sager and Deborah Lynn Sager, owned property located at 1608 N. Kingston Place, in Tulsa, Oklahoma.

8. On or about December 24, 2013, Plaintiffs' residence and personal property were damaged and/or destroyed as the result of a fire.

9. At all times material hereto, Plaintiffs, Charles Sager and Deborah Lynn Sager, were insured under the terms and conditions of an insurance policy, policy number 00612812-01, issued by the Defendant, Lloyds National Insurance Company.

10. At all times material hereto, Plaintiffs, Charles Sager and Deborah Lynn Sager, complied with the terms and conditions of their insurance policy.

11. Fire damage is a covered peril not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant.

## D. Count I Breach of Contract

12. Plaintiffs, Charles Sager and Deborah Lynn Sager, hereby assert, allege and

incorporate paragraphs 1-11 herein.

13.     The property insurance policy No. 00612812-01, issued by Defendant, National Lloyds Insurance Company, was in effect on December 24, 2013.

14.     The acts and omissions of Defendant, National Lloyds Insurance Company, in the investigation, evaluation and denial of Plaintiffs' claim were unreasonable and constitute a breach of contract and bad faith for which contractual and extra contractual damages are hereby sought.

15.     The Defendant acted in bad faith and in breach of the contract by refusing to pay for covered damages to Plaintiffs' property, including but not limited to, the removal and replacement of Plaintiffs' damaged walls and ceilings. The Defendant's field adjuster who conducted the inspection of Plaintiffs' property agreed with the Plaintiffs' contractor's scope of work, which included removal and replacement of Plaintiffs' damaged walls and ceilings. However, Defendant's in-house adjuster improperly and unreasonably removed, sight unseen, covered damages from the estimate and corresponding claim payment, including damages which needed to be repaired in order to restore Plaintiffs' home to its pre-loss condition. The resulting unreasonable payment prohibited the Plaintiffs, Charles Sager and Deborah Lynn Sager, from completing the repairs necessary to return their property to its pre-loss condition. Plaintiffs were forced to pay for these necessary repairs out of their own pocket and forgo other repairs in order to cover the repair costs of these omitted

damages.

### E. Count II Bad Faith

16. Plaintiffs, Charles Sager and Deborah Lynn Sager, hereby assert, allege and incorporate paragraphs 1-15 herein.

17. The acts and omissions of the Defendant, National Lloyds Insurance Company, in the investigation, evaluation and denial of Plaintiffs' claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

18. The Defendant acted in bad faith and in breach of the contract by refusing to pay for covered damages to Plaintiffs' property, including but not limited to, the removal and replacement of Plaintiffs' damaged walls and ceilings. The Defendant's field adjuster who conducted the inspection of Plaintiffs' property agreed with the Plaintiffs' contractor's scope of work, which included removal and replacement of Plaintiffs' damaged walls and ceilings. However, Defendant's in-house adjuster improperly and unreasonably removed, sight unseen, covered damages from the estimate and corresponding claim payment, including damages which needed to be repaired in order to restore Plaintiffs' home to its pre-loss condition. The resulting unreasonable payment prohibited the Plaintiffs, Charles Sager and Deborah Lynn Sager, from completing the repairs necessary to return their property to its pre-loss condition. Plaintiffs were forced to pay for these necessary repairs out of their own

pocket and forgo other repairs in order to cover the repair costs of these omitted damages.

19. Defendant, National Lloyds Insurance Company of America, acted unreasonably, outside of insurance industry standards and breached its contract in bad faith by failing to adopt, implement and/or otherwise follow good faith claims handling guidelines regarding communication, investigation, evaluation and timely payment of first party claims. The Defendant, National Lloyds Insurance Company of America, further acted unreasonably and in bad faith for failing to timely respond to Plaintiffs' proof of loss and for forcing Plaintiffs to file a lawsuit to recover policy benefits that are due and owing pursuant to the terms and conditions of Plaintiffs' insurance policy.

### F. Count III Punitive Damages

20. Plaintiffs, Charles Sager and Deborah Lynn Sager, hereby assert, allege and incorporate paragraphs 1-19 herein.

21. The unreasonable conduct of the Defendant, National Lloyds Insurance Company, in the handling of Plaintiffs' claim were intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiffs for which punitive damages are hereby sought.

### G. Demand for Jury Trial

22. The Plaintiffs, Charles Sager and Deborah Lynn Sager, hereby request

that the matters set forth herein be determined by a jury of their peers.

## H. Prayer

23.     Having properly pled, the Plaintiffs, Charles Sager and Deborah Lynn Sager, hereby seek contractual, bad faith and punitive damages against the Defendant, National Lloyds Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
Michael D. McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFFS**